GEORGE HAWLEY CLARKE *et al. vs.* TOWN OF EAST PROVIDENCE *et al.*

FEBRUARY 10, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

Under the provisions of Gen. Laws, 1909, cap. 317, § 1, giving to town councils the right to direct the town treasurer to take possession of any real or personal estate upon the death of any person who shall leave no heirs or

legal representatives to claim the same, a town council passed a vote directing the town treasurer to take such possession. This was not immediately done with the exception of some real estate and thereafter upon petition of a creditor an administrator was appointed who settled the estate and by direction of the probate court turned over the balance of the estate to the town treasurer. The appellants filed their petition in the probate court, praying that the estate be turned over to them as entitled thereto which petition was dismissed.

*Held*, that the failure of the town council to take immediate possession of the personal estate did not debar it from the exercise of that right whenever in its judgment it became desirable to do so, and that having accomplished the final settlement of the estate, and decreed that the balance be turned over to the town the probate court had no further jurisdiction in the matter.

PROBATE APPEAL. Heard on exceptions of appellants to decision of Superior Court affirming action of Probate Court in dismissing petition and exceptions overruled.

VINCENT, J. This case comes to us upon exceptions to the decision of the Superior Court dismissing the appellants' appeal from a decree of the Probate Court of the town of East Providence. The appellants, by their original petition in the probate court, asked that certain personal estate formerly belonging to one Eugene Wilson, deceased, should be turned over to them, as the heirs at law of the said Wilson, a final settlement of the estate of the deceased having been reached in that court. The probate court dismissed the petition of the appellants for lack of jurisdiction and on appeal to the Superior Court the action of the probate court was affirmed.

On May 15, 1909, Eugene Wilson, a resident of East Providence, deceased. He had been for many years a recluse and was not known to have any near relatives or next of kin.

On May 17, 1909, the town council of East Providence, at a special meeting, passed the following vote, viz:—"On Motion of Councilman Phillips it is Voted, That Fred B. Halliday, Town Treasurer of the Town of East Providence, be directed to take into his possession all the real and personal estate of Eugene Wilson, late of said East Providence, deceased, intestate, which to the said Eugene Wilson at the

time of his death, did appertain and belong, for the use of said Town of East Providence, *until* the heir or other legal representative of such deceased person shall call for the same, to whom the same shall be delivered on being claimed and evidence of the right or title of the claimant shown, according to the Statutes and Public Laws in such case made and provided."

On September 27, 1909, James H. Williams of East Providence, an undertaker and creditor, petitioned the probate court for the appointment of an administrator upon the estate of the said Wilson. Upon this petition, Fred B. Halliday, being the person named as town treasurer in the vote of the town, was appointed administrator on October 25, 1909, and gave bond in the sum of $15,000.

On January 10, 1910, the administrator filed an inventory showing personal property amounting to $15,887.75.

On November 2, 1915, Halliday ceased to be town treasurer.

Nearly four years later, June 4, 1919, Halliday filed his first and final account, as administrator, showing a balance of $21,913.30. On August 25, 1919, this account was allowed by the Probate Court of East Providence and the balance ordered turned over to the town treasurer of said town.

This order was complied with by Halliday who withdrew the fund from the Providence Institution for Savings on August 26, 1919, and turned it over to Herbert E. Barney, then the town treasurer of said town. At that time no heirs had appeared to claim the estate and were still unknown.

On July 10, 1920, the appellants filed their petition in the Probate Court of the Town of East Providence praying that the estate of the said Wilson be turned over and delivered to them, they being entitled thereto.

William E. Smith, town clerk of the town of East Providence and also clerk of the probate court of that town, was called as a witness at the hearing in the Superior Court. From his testimony it appears that the appellants addressed

a letter to the town council asking that a time and place might be fixed for the presentation of their claims against the Wilson estate. The date of this does not appear in the testimony of Smith and we do not find the original or any copy of the communication among the papers in the case. The date however is not especially important in view of the fact that in reply to this request the town council, on September 8, 1920, passed a vote, of which presumably the appellants were informed, to the effect that the town of East Providence would release the property in question whenever directed to do so by the proper court.

The appellants by their bill of exceptions present but a single question. Was the Superior Court in error in affirming the decree of the Probate Court of the Town of East Providence dismissing the appellants' petition?

Although the town council of East Providence passed the vote directing the treasurer to take possession of the Wilson property, such possession of the personal estate was not immediately taken. There is testimony that a small part of the Wilson property which was real estate was taken at once into the possession of the town through its treasurer, Halliday, under and by virtue of the vote before referred to and that the town has since retained its possession thereof.

Before the town finally obtained possession of the personal estate, a creditor appeared in the person of an undertaker who made application to the probate court for the appointment of an administrator. Whether or not he might have proceeded against the town for the satisfaction of his claim, had they possessed the personal estate or at a later time become possessed of it, is a question which is not presented to us and which we need not discuss. We can only consider the question which is raised by the exceptions.

Mr. Halliday was duly appointed administrator and proceeded to and did settle the estate, so far as the probate court was concerned, his final account being presented and allowed.

Mr. Halliday was also the town treasurer of East Providence at the time of his appointment as administrator but, so far as the settlement of the estate in the probate court was concerned, he simply acted as any administrator would in the settlement of an estate.

He did not, so far as appears, up to the time of the final settlement of his account, act in behalf of the town in any respect regarding this estate. In fact, for about four years prior to the settlement of his final account, he had not been the town treasurer of East Providence.

Upon the settlement of the final account, the court ordered the administrator to turn over the balance in his hands, consisting of a large deposit in the Providence Institution for Savings, to the town and on the day following such order he complied therewith.

The vote of the town directing the town treasurer to take possession of the Wilson estate had never been rescinded. The most that can be said is that it was allowed to remain in abeyance during the settlement of the estate in the probate court.

With the final settlement of the estate there was nothing further for the probate court to pass upon and we think that its action in directing the turning over of the money to the town was proper.

Whether or not the town was entitled to and might have taken possession of the whole estate under the terms of the statute, notwithstanding the proceedings in the probate court, we need not discuss. The personal estate did not come into the possession of the town until the administrator, Halliday, in obedience to the order of the probate court, turned it over to Herbert E. Barney who was then the town treasurer.

(1) Section 1 of Chapter 317, Gen. Laws of 1909, gives to town councils the right to direct the town treasurer to take possession of any real or personal estate upon the death of any person who shall leave no heirs or legal representatives to claim the same.

We do not think that the failure of the town council to take immediate possession of the personal estate in the present case operated in any way to debar it from the exercise of that right whenever in its judgment it became desirable to do so. It was not unreasonable for the town to delay the assertion of this right while the probate court was acting upon and disposing of claims against the estate.

We think that the probate court, having accomplished the final settlement of the estate and having decreed that the balance be turned over to the town, had no further jurisdiction in the matter and also that the decision of the Superior Court in favor of the appellees was fully justified.

The appellants' exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Cunningham & O'Connell. Jeremiah E. O'Connell, John J. Dwyer,* for appellants.

*A. Truman Patterson, Town Solicitor, for* town of East Providence.